The People of the State of New York, Respondent,
against
Jamal Harrison, Appellant. 




Jamal Harrison, appellant pro se.
Lynbrook Village Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Lynbrook, Nassau County (Brendan Hughes, J.), rendered July 26, 2018. The judgment, after a nonjury trial, convicted defendant of using a mobile telephone while operating a motor vehicle.




ORDERED that the judgment of conviction is reversed, on the facts, the simplified traffic information is dismissed, and the fine is remitted.
Defendant was charged in a simplified traffic information with using a mobile telephone while operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). At a nonjury trial, a police officer testified that, on February 5, 2018, at approximately 12:57 p.m., when he was monitoring eastbound and westbound traffic on Merrick Road from a patrol car, he had observed defendant operating a motor vehicle westbound on Merrick Road while "manipulating a cellular mobile device in his right hand." The officer further testified that the mobile device was "approximately chest height in front of [defendant's] face." Defendant testified that he had not been engaged in a call at that time and proffered a mobile telephone bill, which was entered into evidence, to demonstrate that fact. Following the trial, the Justice Court found defendant guilty as charged.
Vehicle and Traffic Law § 1225-c (2) (a) provides that "no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion . . . ." For purposes of the statute, "using" a mobile telephone means holding a mobile telephone to, or in the immediate proximity of, the user's ear (Vehicle and Traffic Law § 1225-c [1] [c] [i]), and "engage in a call" means "talking into or listening on a hand-held mobile telephone, but shall not include holding a mobile telephone to activate, deactivate or initiate a function of such telephone" (Vehicle and Traffic Law § 1225-c [1] [f]). Moreover, "[a]n operator of any motor vehicle who holds a mobile telephone to, or in the immediate proximity of, his or [*2]her ear while such vehicle is in motion is presumed to be engaging in a call within the meaning of this section" and the presumption "is rebuttable by evidence tending to show that the operator was not engaged in a call" (Vehicle and Traffic Law § 1225-c [2] [b]). Here, however, the prosecution failed to invoke the presumption that defendant was engaged in a call on a hand-held mobile telephone while operating his motor vehicle, and failed to offer any proof to otherwise establish that defendant was actuallyengaged in call at the time. Consequently, after examining all of the evidence adduced at trial and weighing the conflicting testimony, we find that the verdict convicting defendant of violating Vehicle and Traffic Law § 1225-c (2) (a) was against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). 
Accordingly, the judgment of conviction is reversed and the simplified traffic information is dismissed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020